1  DIEMER, WHITMAN & CARDOSI, LLP
   KATHRYN DIEMER #133977
2  75 East Santa Clara Street
   Suite 290
3  San Jose, California 95113

4  KEATON & ASSOCIATES, P.C.
   JASON R. KLINOWSKI, ESQ. (IL# 6283266)
5  1278 W. Northwest Highway
   Suite 903
6  Palatine, Illinois 60074

7  ATTORNEYS FOR PRIDE
   OF SAN JUAN, INC.
8

*IT IS SO ORDERED*
*Judge James Ware*

9              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10

11 PRIDE OF SAN JUAN, INC.,                )
                                            )
12                Plaintiff,                )
                                            )
13        v.                                )   Case No. 07-cv-04207-JW
                                            )
14 FRESH 'N HEALTHY, INC., a Delaware       )   **STIPULATION RE: COMPLAINT**
   Corporation, MARK WILLIAMS,              )   **FOR CONSENT JUDGMENT AND**
15 individually, JACK PARSON, individually, )   **ORDER**
   STEVEN CINELLI, individually, MARK       )
16 MCCORMICK, individually, and             )
   PRESTWICK PARTNERS, LLC, a California    )
17 Limited Liability Corporation,           )
                                            )
18                Defendants.               )

19
                        **CONSENT JUDGMENT**
20
       Upon the joint request of plaintiff, PRIDE OF SAN JUAN, INC. (hereinafter the "Plaintiff"),
21
   and defendants, FRESH 'N HEALTHY, INC., a Delaware Corporation, (the "Company") MARK
22
   WILLIAMS, individually, JACK PARSON, individually, STEVEN CINELLI, individually, MARK
23
   MCCORMICK, individually, and PRESTWICK PARTNERS, LLC, a California Limited Liability
24
   Corporation, (the "Principals")(Company and Principals hereinafter collectively the "Defendants"),
25
   for the entry of a Settlement Agreement between the parties as follows:
26
       A)     The Defendants have indicated their individual and collective consent to the entry of
27
              this Judgment and, through such consent, have waived personal service and any
28
              objection to the Court's exercise of both personal and subject matter jurisdiction in

this matter over them to allow for the entry of this Judgment.

B) The Court, having been so advised, hereby finds the Defendants, jointly and severally, are indebted to the Plaintiff, for a breach of the trust imposed upon their assets under § 499e(c) the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2004 & Supp. 2006) (the "PACA"), in the agreed amount of $304,580.74 plus post-judgment interest at the contract rate of one-and-one-half percent (1.5%) per month and all fees and costs of collection, until the entire judgment is paid in full.

Accordingly, **IT IS HEREBY ORDERED**:

1. On Counts I and II of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Defendants, on a joint and several basis, in the amount of $304,580.74, including costs, attorney's fees and pre-judgment interest at the contract rate agreed between the parties of one-and-one-half percent (1.5%) per month, until the entire judgment is paid in full (hereinafter the "Outstanding Indebtedness"), less any sums recovered under any other Counts of the Complaint.

2. On Count III of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Company, in the full amount of the Outstanding Indebtedness, less any sums recovered under any other Counts of the Complaint.

3. On Count IV of the Complaint, Final Judgment is hereby granted and entered in favor of Plaintiff and against the Principals, on a joint and several basis, among themselves and with the Company on Counts I and II, in the full amount of all indebtedness secured by Plaintiff's PACA trust rights, less any sums recovered under any other Counts of the Complaint.

4. Nothing in this Judgment shall be construed as limiting the Plaintiff to recovery from any particular Defendant before any other. While the Plaintiff is restricted to a single recovery, that recovery may be had from any of the Defendants, in any order of payment, up to and including the full amount of the Outstanding Indebtedness.

5. The Defendants shall deliver the following payments to the Plaintiff on the following schedule, in the following amounts, and in the following manner to preclude execution on this

1  Judgment:

2  (a) Defendants shall deliver to Plaintiff the sum of $200,00.00 in the form of a wire
3  transfer to the Client Trust Account of Plaintiff's Counsel contemporaneous with the
4  execution of this Consent Judgment on or before August 17, 2007, and

5  (b) Defendants shall satisfy the remaining balance of the Outstanding Indebtedness to the
6  Plaintiff via certified payments on the following schedule and in the following
7  amounts:

| Amount | Due Date |
| --- | --- |
| $ 17,430.12 | On or before August 24, 2007 |
| $ 17,430.12 | August 31, 2007 |
| $ 17,430.12 | September 7, 2007 |
| $ 17,430.12 | September 14, 2007 |
| $ 17,430.12 | September 21, 2007 |
| $ 17,430.14 | September 28, 2007 |

Defendant shall make each payment via wire transfer to the Client Trust Account of Plaintiff's Counsel on or before the dates set forth above until the Plaintiff has been paid in an amount equal to $304,580.74. The Plaintiff will apply each payment to the Outstanding Indebtedness in any order, at its sole discretion, as long as the Defendants receive full credit for each such transfer.

6. As long as the above payments are each made on or before the due date and all Plaintiff's invoices dated after the date of this judgment are paid within stated terms, until such time as the Plaintiff has received good funds in an amount equal to $304,580.74 the Plaintiff shall not execute upon this Judgment. Upon either the Defendants' failure to make any payment required hereunder when due or upon the Defendants' failure to pay any future invoice within the applicable payment terms ("Default"), Plaintiff may issue a notice of Default via facsimile transmission to Defendants' CEO Mark Williams at 831/636-1059, whereupon Defendants shall be afforded five (5) business days to cure the Default. If Defendants fail to cure the Default within this cure period,

1  the Plaintiff shall be free to immediately execute upon this Judgment and enter a Temporary
2  Restraining Order. Following any un-cured Default, Defendants agree any post-Default attorneys'
3  fees and costs shall be added to the balance then due on the Outstanding Indebtedness.

4      7.    Interest shall continue to accrue on the balance of the principal portion of the
5  Outstanding Indebtedness at the contract rate between the parties of 1.5% per month (18% per
6  annum).

7      8.    The amount of this Settlement Agreement, with a corresponding credit given for all
8  sums Plaintiff actually receives in satisfaction hereof, is hereby expressly founded upon Principals'
9  breach of their fiduciary duties and, as such, is hereby excepted and excluded from any discharge of
10 personal liability which any or all of them may seek in any proceedings under Title 11, United States
11 Code pursuant to 11 U.S.C. § 523(a)(4), to the extent of the agreed upon PACA debt amount of
12 ~~$303,800.00.~~ 304,580.74 [initialed]

13     9.    All parties acknowledge and agree to the terms of this Consent Judgment as evidenced
14 by the following signatures:

15 PRIDE OF SAN JUAN, INC.,

        FRESH 'N HEALTHY, INC., a Delaware Corporation, MARK WILLIAMS, individually, JACK PARSON, individually, STEVEN CINELLI, individually, MARK MCCORMICK, individually, and PRESTWICK PARTNERS, LLC, a California Limited Liability Corporation,

By: [signature]
One of its Attorneys

Kathryn Diemer, Esq.
DIEMER, WHITMAN & CARDOSI, LLP
75 East Santa Clara Street
Suite 290
San Jose, California 95113

-AND-

Jason R. Klinowski, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 800/535-9949

Attorneys for Pride of San Juan, Inc.

FRESH 'N HEALTHY, INC.

By: [signature]
Mark Williams - CEO

By: [signature]
Mark Williams, personally

By: [signature]
Jack Parson, personally

- 4 -

By: _____
    Steven Cinelli, personally

By: _____
    Mark McCormick, personally

PRESTWICK PARTNERS, ~~LLC~~ *Int*.

By: _____
    Steven Cinelli - Manager

DONE AND SO ORDERED, this _____ day of August 2007,

**ORDER**

The Court approves the terms of the Consent Judgment.

The Clerk shall close this file.

Dated: August 23, 2007                    _____
                                          JAMES WARE
                                          United States District Judge